IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00179-MSK-MJW

CHARLIE JAMES GRIFFIN,

Plaintiff,

v.

MR. JOE ORTIZ, Director of Correction,
MR. JAMES ABBOTT, Warden of C.T.C.F.,
MR. JOHN SUTHERS, Attorney General,
MR. ALLEN F. STANLEY, Chairman,
MR. CURTIS W. DEVIN, Vice Chairman,
MRS. DEBORAH C. ALLEN,
MR. MATTHEW J. RHODES,
MR. JOHN B. ROSEN, and
MRS. SHARON BARTLETT,

Defendants.

---

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on two motions for summary judgment **(#12,#21)** and supporting briefs **(#13, #22)** filed by the Defendants. The Plaintiff has failed to timely respond to either motion. Having considered the same, the Court finds and concludes as follows.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

The Plaintiff, Charlie James Griffin, asserts a single claim against the Defendants under 42 U.S.C. § 1983. Because he is *pro se*, the Court liberally construes all of his filings in this case.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court is not required to be his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Like all other litigants, Mr. Griffin is required to comply with all applicable rules, including the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

It is not entirely clear what Mr. Griffin is claiming in his Complaint. He alleges that he was convicted of a criminal offense in 1998 and sentenced to 6 years in prison, that he served all 6 years of his sentence, and was then ordered by the parole board to serve another 3 years in prison. He appears to claim that he was falsely imprisoned and denied parole in violation of his constitutional rights, and makes specific mention of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. In his prayer for relief, Mr. Griffin seeks the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, and appears to seek the expungement of his state court conviction. He makes no specific request for monetary relief. He states that because he is out of prison, he is not required to exhaust administrative remedies.

To shed light on the nature of Mr. Griffin's claim, the Court has examined the Scheduling Order **(#28)** signed by Mr. Griffin and defense counsel. Mr. Griffin's statement of claim provides: "The Defendants had me in prison falsely for a simply [sic] fist fight for over fourteen (14) years in prison. The Honorable Judge who sentence [sic] me and over charged me with this outrageous six (6) years sentence. (The sentence did not match the crime)." The Scheduling Order also identifies the following facts to be undisputed and stipulated to by the parties:

> 1. Mr. Griffin was sentenced to the custody of the Colorado Department of Corrections to serve a six year sentence plus a three year period of mandatory parole after committing the crime of Second Degree Assault in El Paso County District Court case number 95CR3859.

> 2. On April 16, 2002, the Parole Board ordered that Griffin be paroled on his mandatory release date of February 27, 2003, to serve the three year period of mandatory parole.
> 3. On April 7, 2003, Mr. Griffin's parole was revoked to the custody of the Department of Corrections for the remainder of his mandatory parole period.
> 4. Mr. Griffin was discharged from the Department of Corrections on February 27, 2006, following the completion of his revoked parole period.

Based upon the allegations in the Complaint and the parties' stipulations in the Scheduling Order, the Court discerns that Mr. Griffin asserts two claims: (1) a claim for false imprisonment in violation of the Fourth Amendment based upon his 6 year prison sentence and subsequent 3-year term of imprisonment following the revocation of his parole; and (2) a claim that he was wrongfully denied parole in violation of the Due Process Clause. The issue presented is whether a trial is required on these claims.

## III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. Analysis

The Defendants argue that Mr. Griffin cannot prove a claim of false imprisonment because he was lawfully incarcerated, both under his 6-year sentence and upon revocation of his parole. They also argue that there is no federal constitutional right to parole, citing *Greenholtz v.*

*Nebraska Penal Inmates*, 442 U.S. 1 (1979).[1]

Mr. Griffin bears the burden of producing evidence to support a *prima facie* false imprisonment claim. This means that he must produce sufficient, competent evidence that he was unlawfully imprisoned. *See Blackman for Blackman v. Rifkin*, 759 P.2d 54, 67 (Colo. App. 1988) (defining "false imprisonment" as "an unlawful restraint upon a person's freedom of locomotion, or the right to come and go when or where one may choose"); *see also Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (Colorado tort law provides the starting point for determining the elements of a § 1983 claim for malicious prosecution in violation of the Fourth Amendment). Mr. Griffin has not responded to either summary judgment motion, and has produced no evidence that he was unlawfully imprisoned. To the contrary, the parties' stipulations in the Scheduling Order demonstrate that Mr. Griffin was imprisoned pursuant to a state court conviction and subsequent revocation of his parole. Mandatory parole can be revoked under § 17-22.5-403(8)(a), C.R.S., if the person under parole supervision violates the terms or conditions of his parole. The Defendants have submitted an affidavit from Mary Carlson, the Supervisor of Offender Time/Release Operations at the Colorado Department of Corrections, who explains that Mr. Griffin's parole was revoked due to a violation of the terms of his parole, specifically, the requirement that he establish a residence. This affidavit is unrebutted. Therefore, the Defendants are entitled to summary judgment on Mr. Griffin's false imprisonment claim.

The Court turns to Mr. Griffin's claim that he was wrongfully denied parole. To state a

---

[1] The Defendants make several additional arguments which the Court does not reach, because the first two are dispositive. For instance, they assert that any claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), that Mr. Griffin cannot prove personal participation in the alleged violation by three Defendants, that any claim of illegal incarceration is barred by the statute of limitations, and that they are entitled to absolute, sovereign, and qualified immunity.

claim for violation of due process under 42 U.S.C. § 1983, a plaintiff must allege that the defendant has deprived him of a right secured by the Constitution and laws of the United States, specifically, a liberty or property interest. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). There is no federal constitutional right to parole, and none arises from the Colorado parole statutes. *See Greenholtz*, 442 U.S. at 7; *Wildermuth v. Furlong*, 147 F.3d 1234, 1237-38 (10th Cir. 1998) (no right to discretionary parole). Thus, the Defendants are entitled to summary judgment on this claim, as well.

**IT IS THEREFORE ORDERED** that the Defendants' motions **(#12, #21)** for summary judgment are **GRANTED**. The Defendants' motion to stay these proceedings pending a ruling on their summary judgment motions **(#14)** is **DENIED**, as moot. Judgment shall enter in favor of the Defendants on Mr. Griffin's claims.

Dated this 11th day of July, 2007

**BY THE COURT:**

Marcia S. Krieger

Marcia S. Krieger
United States District Judge