IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00179-MSK-MJW

CHARLIE JAMES GRIFFIN,

    Plaintiff,

v.

MR. JOE ORTIZ, Director of Correction,
MR. JAMES ABBOTT, Warden of C.T.C.F.,
MR. JOHN SUTHERS, Attorney General,
MR. ALLEN F. STANLEY, Chairman,
MR. CURTIS W. DEVIN, Vice Chairman,
MRS. DEBORAH C. ALLEN,
MR. MATTHEW J. RHODES,
MR. JOHN B. ROSEN, and
MRS. SHARON BARTLETT,

    Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

THIS MATTER comes before the Court on the Plaintiff's Motion to Set Aside or Reconsider Judgment **(#32)**, to which no response has been timely filed. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

On July 11, 2007, the Court granted two summary judgment motions filed by the Defendants to which the Plaintiff filed no timely response. The Court concluded that as to the discernible claims, the Plaintiff produced no evidence to support them, and indeed, the evidence of record demonstrated no violation of the Plaintiff's constitutional rights. In specific, as to the false

imprisonment claim, the evidence showed that he was lawfully imprisoned.  As to the due process claim, which was premised upon the denial of parole, the Court entered summary judgment because there is no constitutional right to parole.

The Plaintiff now moves for reconsideration of that ruling.  When a party moves for reconsideration of an order, reconsideration may be warranted when there is: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  In addition, if a motion to reconsider is brought under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Although the motions for summary judgment were mailed to the Plaintiff's address of record, he does not recall seeing them and contends that he was not informed that he needed to respond to them.  At this juncture, he does not offer any evidence to support his claims, nor does he contend that the Court erred in its determination.  Rather, he states that he suffers from mental

illness and has provided telephone numbers of medical professionals so that the Court may confirm such illness.

Although the Plaintiff appears *pro se*, this Court cannot serve as his advocate. Like any other litigant, the Plaintiff is responsible for following all Court rules, including the Local Rules which explain the requirement for filing a response to a motion for summary judgment. *See* D.C.COLO.LCivR 56.1; *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

In any event, it was not the Plaintiff's failure to respond to the summary judgment motions which resulted in a final judgment. Rather, the Court considered the merits of his claims and all evidence of record, and applied the law. After doing so, the Court entered summary judgment in favor of the Defendants. Unfortunately for the Plaintiff, he has made no argument which supports setting aside that judgment.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Set Aside or Reconsider Judgment **(#32)** is **DENIED**.

Dated this 28th day of December, 2007

                                                  **BY THE COURT:**

                                                  Marcia S. Krieger
                                                  United States District Judge